No. 19,461.

MARY SASSO, a Minor, etc., *Appellee,* v. GUSTAV CARLSON,
*Appellant.*

### SYLLABUS BY THE COURT.

DAMAGES—*Pedestrian—Injured by Automobile—No Error Disclosed in
the Record.* Assignments of error relating to the sufficiency of the
evidence to sustain the verdict and special findings relating to in-
structions, and relating to the refusal of the court to grant a new
trial because of inability to procure the attendance or evidence of an
absent witness, examined and held not to require the reversal of a
judgment for damages for personal injuries sustained by the plaintiff
by being run down by an automobile while crossing a city street.

Appeal from Shawnee district court, division No. 2; GEORGE
H. WHITCOMB, Judge. Opinion filed July 10, 1915. Affirmed.

*J. J. Schenck,* of Topeka, for the appellant.

*Edwin D. McKeever,* of Topeka, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for injuries
sustained by a pedestrian crossing a street, occasioned by being
run down by an automobile. The plaintiff recovered and the
defendant appeals.

The evidence was sufficient to warrant the submission of
the cause to the jury and to sustain the special findings and the
general verdict. Besides the statements of witnesses char-
acterizing the speed of the automobile, the relative movements
of the plaintiff and of the automobile were so described as to
indicate excessive speed. The jury were particularly im-
pressed with the fact that the automobile driver was going so
fast he could not control the car.

The prudence of the conduct of the plaintiff was clearly a
question for the jury, and the answer to special question num-
ber seven accords with her testimony.

The portion of instruction number thirteen which was criti-
cized summarizes in a few words the doctrine stated in *Rail-
road Co. v. Gallagher,* 68 Kan. 424, 428, 75 Pac. 429. The
language of the instruction was, "if she had good reason to be-
lieve"—a matter for the jury to determine under all the cir-

cumstances. The next sentence of the instruction stated the duty to use due care, as instruction number eleven had done at length. Finding number seven is to be read in the light of the instructions and in harmony with the general verdict.

The evidence discloses lack of diligence such as the law required of the defendant to secure the attendance or evidence of his absent witness.

The foregoing covers the material assignments of error, and the judgment is affirmed.